UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BIZMARK, INCORPORATED, d/b/a Wells,
Waters & Gases,
<u>Plaintiff-Appellant,</u>

v.                                                                    No. 98-1787

THE KROGER COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-96-219-B)

Argued: January 26, 1999

Decided: April 2, 1999

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Harvey Roberts, JOE ROBERTS, P.C., Wise, Virginia, for Appellant. Francis Hewitt Casola, WOODS, ROGERS & HAZLEGROVE, P.L.C., Roanoke, Virginia, for Appellee. **ON BRIEF:** Scott A. Johnson, WOODS, ROGERS & HAZLEGROVE, P.L.C., Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bizmark, Incorporated appeals a judgment of the district court entered in Bizmark's favor against The Kroger Company (Kroger) in the amount of $15,157.14. We affirm.

I.

The parties commenced their dealings in 1990, when Bizmark began providing helium to several of Kroger's stores on a trial basis.* After a successful trial period, the parties entered into an agreement under which Bizmark would sell helium and carbon dioxide and rent storage tanks to all of the stores in Kroger's Mid-Atlantic Region.

In 1994, Bizmark began experiencing problems filling Kroger's orders in a timely fashion, prompting a number of Kroger's stores to purchase helium and carbon dioxide from other vendors. Kroger terminated its relationship with Bizmark in May 1995 and requested that Bizmark pick up its tanks immediately.

Bizmark brought this action for money that it maintained it was owed for unpaid helium and carbon dioxide sales and unpaid tank rentals. Bizmark contended that subsequent to the parties' initial negotiations, Kroger had agreed to a price increase and to pay late fees when payment was not made within thirty days of delivery. Bizmark also sought to recover for tanks it claimed remained in Kroger's possession.

After a bench trial, the district court found that Kroger never

_____

*Kroger's original dealings were with Bizmark's predecessor, Wells, Waters, & Gases. For ease of reference, we will refer to both companies as "Bizmark."

agreed to accept a price increase or pay late fees and calculated the amount Kroger owed using the terms originally agreed to by the parties. With respect to Bizmark's claim that Kroger had not returned a number of its tanks, the district court concluded that Bizmark had failed to prove the necessary elements for breach of a bailment contract.

II.

Bizmark contends that the district court erred in calculating the amount Kroger owed it for helium and carbon dioxide sales and tank rentals, in concluding that Bizmark failed to prove its claim that Kroger did not return a number of its tanks, and in deciding several issues of which Bizmark did not have proper notice. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Bizmark, Inc. v. Kroger Co., No. 96-0219-B (W.D. Va. May 5, 1998).

AFFIRMED

3